AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All contents of PNC Bank account 1251883287 ) Case No. 6:24cr956
)
)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ___South Carolina___ is subject to forfeiture to the United States of America under ___18___ U.S.C. § ___981, 982___ *(describe the property)*:

PNC Bank account 1251883287 or funds held in suspense due to account closure under the business name PERAST FUND LLC, and or signers NATHALYA H VELASQUEZ, and MIGUEL E ORTIZ TORRES.

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_David Paramore_
*Applicant's signature*

USSS T.F.O. David Paramore
*Printed name and title*

Sworn to before me and signed in my presence. by telephone 9:59 a.m.

Date: __10/25/2024__

_[signature]_
*Judge's signature*

City and state: Greenville, SC 29601

US Magistrate Kevin F. McDonald
*Printed name and title*

**AFFIDAVIT**

I, David R. Paramore, being duly sworn, declare and state as follows:

## I.  INTRODUCTION

1. I am a Task Force Officer with United States Secret Service South Carolina Cyber Fraud Task Force ("USSS SC CFTF") and have been so employed since January 2022. I am currently assigned to the Greenville Residence Office to perform duties as a Task Force Officer (TFO) and investigate financial crimes to include wire fraud, identity theft, credit card fraud, bank fraud, crypto-currency fraud, and money laundering. I am currently employed at the city of Greenville Police Department and have been so employed since June, 2009. I am currently assigned to the Criminal Investigations Division since June, 2017, under the Economic Crimes Unit. As an Economic Crimes Detective, I have received training at the South Carolina Criminal Justice Academy. This training covered aspects of criminal investigation and law enforcement. I have participated in numerous investigations of violations of criminal law including matters involving fraud and white-collar crimes. I have attended numerous training courses involving financial related crimes and crimes involving cryptocurrency.

## II.  PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a warrant to seize the following (the "Subject Funds"):
Any and all United States Currency in the suspect's PNC Chase Account # 1251883287 (the "Subject Account"), and under the business name PERAST FUND LLC, and account holders NATHALYA H VELASQUEZ (VELASQUEZ), and MIGUEL E ORTIZ TORRES (TORRES).

3.   As described more fully below, there is probable cause to believe that the Subject Funds represent the proceeds of one of more violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1956 (Money Laundering), or a conspiracy to commit the same, (the "Subject Offenses"), committed by unknown persons and transferred into the Perast Fund LLC account and are therefore subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

4.   In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(f) because the property would, in the event of conviction on the alleged underlying offenses, be subject to forfeiture, and an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture.

5.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, bank investigators, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of, or investigation into, this matter.

6.   Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and amounts are approximations.

### III. SUMMARY OF PROBABLE CAUSE

7.   USSS and local law enforcement agencies are investigating an unknown international criminal organization, who through means of

2

a cyber scheme received proceeds from a Business Email Compromise (BEC) fraud scheme with the intent of obscuring the nature, origin, and ownership of the funds.

8.  As set forth below, the Subject Account was used by the suspect to receive the proceeds of the above-described scheme. Investigating agents believe that the Subject Account was used to receive the deposited funds that were obtained through fraud. The bank's fraud investigators identified the account holding the victim's funds as likely engaged in fraudulent activity and placed a hold on the account. Therefore, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture by the United States.

### IV.    STATEMENT OF PROBABLE CAUSE

9.  Based on witness interviews, documents obtained from third parties, reports of interviews conducted by other law enforcement officers, conversations with other law enforcement officers, and publicly filed documents, I know the following:

**A.    Background on Business Email Compromise Schemes**

Often in Business Email Compromise schemes, the victim's own email is compromised and the scammers interject themselves into what is often a business transaction. At the opportune time, they provide payment information, often in an altered invoice, to have the unwitting victim wire funds directly to the scammer or some other laundering account. In doing so, the victim believes the funds were sent to the correct person and it is often not discovered until enough time has passed to allow the suspect to withdraw the funds.

**B.     Theft and Business Email Compromise Scheme from G.N.**

10. Based on conversations, emails and documents received during this investigation, I learned the following:

   a.   On or about January 5, 2024, G.N. a resident of Easley, SC began correspondence through email with a closing agent regarding the purchase of a yacht from an online listing. The victim's email address used in correspondence is bennett@nalleyproperties.com. The email addresses of the closing agents provided to the victim were jdouglas@unitedyahct.com and kathy@unitedyahctsales.com. G.N. began communicating with someone who was purporting to be the closing agent with United Yacht Brokerage. Communication occurred over multiple email chains between G.N. and who he thought was the closing agent. At this time, the illicit actors posing as the closing agent began to convince G.N. that he would need to wire the funds based on the instructions provided, in the amount of $303,325.00. G.N. traveled to his local branch and made a wire transfer from his two Wells Fargo accounts #30979281 and #37598596, which resulted in the fraudulent transfer of approximately $606,650.00 (split equally into two wire transfers) on August 15, 2024 to Truist account #1440018025936. The scammers then made a wire transfer in the amount of $320,000.00 into a PNC Bank account between 08/16/2024 and 08/22/2024. An attorney representing the victim, contacted the United States Secret Service Greenville Resident Office to report that his client (G.N.) had fallen prey to a business email compromise and provided supporting documents.

   b.   The remaining funds, approximately $20,000.00 in the PNC Bank account, were frozen by the bank representative due to suspected fraud. A further check into financial system, identified

4

that the Subject Account and account holder are subject to numerous other bank reporting documentation.

   c. PNC Bank has informed law enforcement that account #1251883287 remains on hold to date.

  **C.** **Subject Accounts / Subject Funds**

 11. G.N. was instructed to send a wire transfer to Truist Financial account #1440018025936. The funds were then transferred through domestic wire to PNC Bank account #1251883287. I reviewed the records for PNC Bank account #1251883287, belonging to PERAST FUND LLC, and signers NATHALYA H VELASQUEZ, and MIGUEL E ORTIZ TORRES. The activity in the account appears to be suspicious in nature, with funds being wired in and almost immediately wired out, or otherwise withdrawn. No other source of funding appears to occur in the account during this time period.

       **V.** **CONCLUSION**

 12. Based on the facts set forth above, there is probable cause to believe that the Subject Funds are subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (rendering subject to forfeiture any property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343), and § 982 (criminal forfeiture).

 13. Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing

the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder.  In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government=s custody once the warrant is served.

   14.   This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

*David R. Paramore*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

David R. Paramore
USSS Task Force Officer

Subscribed to and sworn this ~~24th~~ 25th by telephone day of October, 2024.

THE HONORABLE KEVIN F. MCDONALD
UNITED STATES MAGISTRATE JUDGE

6